**ZHU YING CHEN, Petitioner,**

v.

**BOARD OF IMMIGRATION APPEALS, Respondent.**

No. 05–3062–ag.

United States Court of Appeals, Second Circuit.

Sept. 27, 2006.

Henry Zhang, New York, New York, for Petitioner.

Gregory A. White, United States Attorney, Michelle L. Heyer, Assistant United States Attorney, Cleveland, Ohio, for Respondent.

PRESENT: Hon. GUIDO CALABRESI, Hon. ROBERT D. SACK, Hon. PETER W. HALL, Circuit Judges.

**SUMMARY ORDER**

Petitioner Zhu Ying Chen, a native and citizen of the People's Republic of China,

seeks review of a May 26, 2005 order of the BIA affirming the January 7, 2004 decision of Immigration Judge ("IJ") Barbara A. Nelson denying petitioner's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA affirms the IJ's decision in all respects but one, this Court reviews the IJ's decision as modified by the BIA decision, i.e., "minus the single argument for denying relief that was rejected by the BIA." *Xue Hong Yang v. U.S. Dep't of Justice,* 426 F.3d 520, 522 (2d Cir.2005).[1] This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard.

■ Substantial evidence supports the IJ's finding that Chen displayed a "total lack of credibility" throughout the proceedings in this case. Chen began misleading the INS immediately upon her arrival in the United States when she presented a false passport and claimed to be a Singaporean citizen. While this Court and the BIA have been reluctant to draw adverse inferences as to credibility when an asylum applicant uses fraudulent documents to escape immediate danger or imminent persecution, *see Rui Ying Lin v. Gonzales,* 445 F.3d 127, 133–35 (2d Cir.2006) (stating "[i]t would be pernicious indeed if asylum applications were discounted when applicants used false documentation to protect themselves from the very persecution they claimed to be fleeing"), the IJ focused reasonably on misrepresentations Chen made to the immigration officer *after* she presented the passport, when she was already safely in the United States.

In addition, the basis of Chen's claim for relief changed on numerous occasions. At her March 2002 credible fear interview, Chen claimed that she feared returning to China because she would be forced to work as a prostitute there. In her written application, however, she claimed that she feared persecution on the basis of her Christian faith. During her asylum hearing, Chen admitted that the story she told at her credible fear interview was false, but explained that the story was what the "snakehead" told her to say. Because no reasonable fact-finder would have felt compelled to credit this explanation, the IJ properly viewed the wholesale change in Chen's claim as evidence of her lack of credibility. *See Zhou Yun Zhang v. INS,* 386 F.3d 66, 74 (2d Cir.2004).

Internal inconsistencies in Chen's claim of religious persecution further support the IJ's adverse credibility finding. Far from insubstantial, these inconsistencies went to the heart of Chen's asylum claim. *See, e.g., Borovikova v. U.S. Dep't of Justice,* 435 F.3d 151, 158–60 (2d Cir.2006) (determination supported by inconsistencies between applicant's initial asylum application and supplemental affidavit regarding whether or not KGB agents placed her and her family in constant fear during their stay in East Germany).

Moreover, in a motion for change of venue from New York, NY to Newark, NJ,

---

1. Here, the BIA adopted the IJ's decision in all respects except for the IJ's conclusion that Chen's application for asylum, withholding, and CAT relief was filed frivolously. *See* 8 U.S.C. § 1158(d)(6) ("If the Attorney General determines that an alien has knowingly made a frivolous application for asylum ... the alien shall be permanently ineligible for any benefits under this Act, effective as of the date of a final determination on such application."). Neither of the parties argues the frivolousness issue before this Court. Thus, because the Court denies the petition for review in this case, the BIA's determination that Chen's application was not frivolous should stand.

Chen submitted an affidavit stating that she had moved from New York to New Jersey, but later conceded that she had not moved. Asked to explain her affidavit, Chen stated "I wished to move over there. But later on, it did not happen." The IJ was not bound to credit this explanation and, thus, did not err in considering this misrepresentation in her evaluation of Chen's credibility.

■ It should be noted that the IJ's reliance in reaching her adverse credibility finding on Chen's lack of knowledge about Christian doctrine was not supported by substantial evidence. In certain circumstances, an adverse credibility finding might reasonably be based on an applicant's lack of doctrinal knowledge about the religion he or she claims to practice— "for instance, where an applicant claims to have been a teacher of, or expert in, the religion in question." *Yose Rizal v. Gonzales*, 442 F.3d 84, 90 (2d Cir.2006). However, such lack of knowledge cannot be held against an applicant who does not claim to be an expert in or have a deep understanding of the religion in question. *Id.* Given the glaring inconsistencies and misrepresentations present in Chen's case, it was unnecessary to ask Chen to prove her faith through a test that the IJ apparently believed any true Christian would have passed, and Chen's alleged failure in this respect should not have provided any basis for the IJ's adverse credibility finding.

Nonetheless, in view of the record as a whole, the IJ's determination was a reasonable one. The misrepresentations and discrepancies properly relied upon were central to Chen's claim of persecution, and the Court can confidently predict that the IJ would reach the same decision on remand, even absent any grounds improperly relied upon. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 434 F.3d 144, 161 (2d Cir.2006).

Because the IJ's adverse credibility determination is supported by substantial evidence on the record, we do not reach the IJ's alternative finding that Chen failed to meet her burden of proof for asylum or withholding of removal. Nor do we reach Chen's CAT claim because she did not raise it before the BIA, thereby failing to exhaust her administrative remedies.

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).